# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEILA MARIE EYAJAN, | ) | |
|     Plaintiff, | ) | C.A. No. 19-34 Erie |
| v. | ) | |
| | ) | |
| NESCO RESOURCE LLC, et al., | ) | District Judge Susan Paradise Baxter |
|     Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Sheila Marie Eyajan, an adult resident of Erie County, Pennsylvania, commenced this proceeding on February 11, 2019, by filing a motion to proceed *in forma pauperis* [ECF No. 1] and attaching to it a "complaint" directed against forty-one named Defendants, although some of the Defendants appear to be named twice. Although far from clear, the complaint appears to allege a claim of medical malpractice arising from a work accident that occurred on July 17, 2016, and subsequent medical treatment received from July 18, 2016 to October 2016. There is no claim for relief included.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed *in forma pauperis*. See Roman v. Jeffes, 904 F.2d 192, 194 n. 1 (3d Cir.1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the complaint under [§1915(e)(2)[1]] to determine whether it is frivolous." Id. (citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir.1976)); Schneller v. Abel Home Care, Inc., 389 F. App'x 90, 92 (3d

---

[1] This provision was formerly codified as 28 U.S.C. §1915(d).

1

Cir. 2010). The Court finds that Plaintiff is without sufficient funds to pay the required filing fee. Thus, she will be granted leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Whether a complaint fails to state a claim under §1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). However, before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to § 1915, a court must grant the plaintiff leave to amend his complaint, unless the amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Here, it is evident from the face of the complaint that Plaintiff's claims are barred by the applicable statute of limitations.[2] It is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable

---

[2] Plaintiff's complaint is also deficient in many other respects. First, there is no clear basis for subject matter jurisdiction before this Court, as Plaintiff has failed to allege a claim for relief and, thus, diversity jurisdiction cannot be established. Second, Plaintiff may not maintain a civil rights action under 42 U.S.C. § 1983 against any of the named Defendants, as none of them are state actors. Third, even if she could establish jurisdiction, the only Defendants against whom Plaintiff makes any allegations are Nesco Resource LLC, PlastPro, Dr. David Bowe, and Lake Health South Urgent Care; thus, all other Defendants would be entitled to dismissal from this case.

2

limitations period. Sameric Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998) (internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two-year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that an action must be filed no later than two years from the date the cause of action accrued. Id. at 599-600.

Under federal law, "'the statute of limitations begins to run on the first date that the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress.'" Kichline v. Consolidated Rail Corporation, 800 F.2d 356, 359 (3d Cir.1987), cert. denied, 475 U.S. 1108 (1986), quoting Zeleznick v. United States, 770 F.2d 20, 23 (3d Cir. 1985). Thus, in general, a claim accrues in a federal cause of action "as soon as a potential claimant either is aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong." Keystone Insurance Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988).

In this case, although it is apparent that Plaintiff was aware of her alleged injury as early as August 16, 2016, the latest event alleged in her complaint occurred in October 2016 (ECF NO. 1-1, at ¶ 20). Thus, the latest possible date by which Plaintiff was required to file a complaint for her alleged injuries would have been in October 2018. Since this action was not initiated until February 22, 2019, all of Plaintiff's claims are untimely and will be dismissed accordingly. Because Plaintiff would not be able to cure this deficiency by amendment, the "complaint" must be dismissed with prejudice.

An appropriate Order follows.